AO 91 (Rev. 11/11) Criminal Complaint



FILED
10/4/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: 1:25-cr-00633 |
| v. | |
| GUSTAVO OSORIO | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 3, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a) | Did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely a Customs and Border Protection Border Patrol Agent, while engaged in the performance of his official duties. |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

*Chuck Lau /by HKM*

CHUCK LAU
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: 10/04/2025 at 8:00 a.m.

*Heather K. McShain*

*Judge's signature*

City and state: Chicago, Illinois

Heather K. McShain, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, CHUCK LAU, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations ("HSI"), and I have been employed since October 2006. My current responsibilities include the investigation of immigration and customs law violations, as well as investigations into computer networking crimes and cyber-enabled crimes.

2. This affidavit is submitted in support of a criminal complaint alleging that GUSTAVO OSORIO has violated Title 18, United States Code, Section 111. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging OSORIO with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, and on information I have received from other law enforcement personnel knowledge regarding relevant facts, my review of video footage, and my training and experience.

## PROBABLE CAUSE

4. According to interviews of Customs and Border Protection ("CBP") Border Patrol Agents, on or about October 3, 2025, at approximately 8:00 a.m., Border Patrol Agents ("Agents") were conducting an enforcement operation in the area of 4840 North Pulaski Avenue, in Chicago, Illinois. While conducting the operation, the Agents identified an individual using a mobile device to record the Agents. The individual was later identified as OSORIO.

5. According to Agents, OSORIO began to throw rocks in the general vicinity of where the Agents were standing and where the Agents' unmarked Yukon Denali (the "Yukon") was parked. According to the Agents, OSORIO was approximately 25 feet away from the Yukon and the Agents at the time. Some of the rocks struck the Yukon, causing physical damage to the exterior. Pictures of the damage are included below. Agent A was the driver of the Yukon and was in the vehicle when it was struck. None of the rocks struck any Agents.





6. According to the Agents, OSORIO immediately fled the scene and was pursued on foot by four of the Agents. The Agents eventually caught up to OSORIO, tackled him, and proceeded to handcuff his hands behind his back.

7. According to the Agents, once the Agents restrained OSORIO, they placed him into the second row, passenger side seat of the Yukon. The Yukon Denali at issue contains three rows of seats. According to Agent B, who was seated directly to the left of OSORIO in the Yukon, shortly after the Agents began driving OSORIO away, OSORIO removed his shoes and began using his feet to attempt to lift and remove the safety pin from canisters of compound 2-chlorobenzalmalononitrile ("CS gas") that were stored in the pocket of the seat in front of OSORIO. During the ride, OSORIO also kicked at the back passenger side door and screamed at the Agents and

3

individuals on the street. According to the Agents, OSORIO caused some scuff damage to the interior of the car. Photos of the interior damage are included below.



8. According to the Agents, an Agent seated in the third row of the Yukon, directly behind OSORIO, attempted to restrain OSORIO by pulling back on OSORIO's seat belt to reduce OSORIO's movements. According to Agent B, Agent B then placed his hand on OSORIO's left shoulder to calm OSORIO and to stop OSORIO from further tampering with the CS gas canisters. Upon doing so, OSORIO attempted to bite Agent B's hand and attempted to hit Agent B's hand with his head. OSORIO did not make contact in his attempts.

## CONCLUSION

Based on the above information, I submit that there is probable cause to believe that on or about October 3, 2025, GUSTAVO ALATRISTE OSORIO did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in Title 18, United States Code, Section 1114, while engaged in or on account of the performance of official duties. I therefore respectfully request that this

4

Court issue a criminal complaint charging OSORIO with a violation of Title 18, United States Code, Section 111(a).

                                      FURTHER AFFIANT SAYETH NOT.

                                      *Chuck Lau /by HKM*

                                      CHUCK LAU
                                      Special Agent
                                      Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone October 4, 2025.

*Heather K. McShain*

HONORABLE HEATHER K. MCSHAIN
United States Magistrate Judge

5